IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JOHN GUNTER, JR.,
WHITNEY KOHL,
JOAN GRACE HARLEY, AND
CHRIS SEVIER                                                                                              PLAINTIFFS

V.                                                                    CIVIL ACTION NO. 3:17CV177-NBB-RP

PHIL BRYANT, GOVERNOR OF
MISSISSIPPI; ATTORNEY GENERAL
JIM HOOD, in his official capacity as
Attorney General of Mississippi; and
MELINDA NOWICKI, in her official
capacity as Circuit Clerk of Pontotoc
County, Mississippi                                                                                       DEFENDANTS

## **MEMORANDUM OPINION**

This cause comes before the court upon the motion to dismiss amended complaint filed by defendants Governor Phil Bryant and Attorney General Jim Hood and joined by defendant Melinda Nowicki. Upon due consideration of the motion, response, exhibits, and applicable authority, the court is ready to rule.

Factual and Procedural Background

The plaintiffs, John Gunter, Jr., Whitney Kohl, Joan Grace Harley, and Chris Sevier, proceeding *pro se*, filed this civil action seeking declaratory and injunctive relief and, in essence, collaterally attacking the United States Supreme Court's decision in *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015), and its effect on states' civil marriage licensing laws, more particularly the rulings on same-sex marriage. The plaintiffs ask the court either to invalidate the State of Mississippi's licensing laws for excluding civil marriage between persons and inanimate objects and among multiple persons or to hold that *Obergefell* is unconstitutional.

According to the amended complaint, plaintiff Sevier allegedly "self-identifies as a machinists [sic], who married an object in New Mexico with female like features." He allegedly approached the Circuit Clerk's office in Pontotoc County, Mississippi, and requested that the clerk, defendant Melinda Nowicki, "either legally recognize his out-of-state marriage or that the clerk issue him a new marriage license," and "the clerk refused to do so."

The remaining plaintiffs, Gunter, Kohl, and Harley, allegedly self-identify as polygamists. The three complain that they too approached the clerk's office in Pontotoc County seeking to have a marriage license issued to them as polygamists but were also refused.

The plaintiffs allege putative causes of action against the defendants including, inter alia, two claims purportedly based on the First Amendment Establishment Clause, substantive due process and equal protection claims, and a claim for violation of 42 U.S.C. § 1983. The defendants have moved to dismiss for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), asserting that the claims are wholly insubstantial and frivolous, that the plaintiffs lack standing to sue, that the claims are barred by Eleventh Amendment immunity, and for failure to state claims under the First and Fourteenth Amendments.

Standard of Review

Motions filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenge the district court's subject matter jurisdiction to hear a case. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). If a Rule 12(b)(1) motion is filed simultaneously with other motions under Rule 12, the court should consider the Rule 12(b)(1) jurisdictional attack prior to ruling on any attack

on the merits. *Id.* As the party asserting jurisdiction, "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.*

"Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Id.* (citing Fed. R. Civ. P. 12(b)(6)). A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "[A] motion to dismiss an action for failure to state a claim 'admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.'" *Id.* (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992)).

<u>Analysis</u>

The plaintiffs assert that this court has federal question jurisdiction over all their claims pursuant to 28 U.S.C. § 1331. Under the stringent standard enunciated in *Bell v. Hood*, 327 U.S. 678, 681-82 (1946), "where the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions . . . must entertain the suit." The two exceptions are where the federal question "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id.* In other words, federal claims that are "patently without merit . . . justify the district court's dismissal for want of jurisdiction." *Suthoff v. Yazoo County Indus. Dev. Corp.*, 637 F.2d 337, 340 (5th Cir. 1981). The present case fits firmly into this latter class of cases and must be dismissed.

The plaintiffs ask this court to recognize their alleged constitutional rights to marry an inanimate object and to marry multiple spouses as polygamists. No such constitutional rights

exist, and denial of a marriage license under these circumstances does not violate any known or recognized constitutional right.  Further, no constitutionally protected property or liberty interest exists in marrying an inanimate object or being married to multiple persons at the same time.  The plaintiffs can therefore set forth no viable claim for the deprivation of due process.

The U.S. Constitution strictly limits a federal court's jurisdiction to actual "cases" and "controversies."  U.S. Const., art. III, § 2.  The absence of any "injury in fact" precludes the plaintiffs' ability to establish standing to bring suit.  An injury in fact is "an invasion of a legally protected interest which is . . . (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  A causal connection between the injury and wrongful conduct alleged and a likelihood beyond mere speculation that the injury will be redressed by a favorable decision are also required to establish standing, but as the plaintiffs here cannot clear the first hurdle -- that of an injury in fact, further analysis of the standing issue is not required.  *See id.* at 560-61.

## Conclusion

For the foregoing reasons, the court finds that the defendants' motion to dismiss the amended complaint is well taken and should be granted.  A separate order in accord with this opinion shall issue this day.

This, the 1st day of August, 2018.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE